**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE SPORN COMPANY, INC., BIXLER'S, INC., and PERRY SPORN,<br><br>Petitioners,<br><br>-against-<br><br>MICHAEL BUCZALA,<br><br>Respondent. | Misc. No. ______________<br><br>(Underlying Action: No. 2:24-cv-00617 (D. Vt.)) |

# PETITIONERS-DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL NON-PARTY MICHAEL BUCZALA'S COMPLIANCE WITH SUBPOENA

Robert M. Wasnofski, Jr.
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Phone: (212) 768-6748
Fax: (212) 768-6800
robert.wasnofski@dentons.com

*Attorneys for Petitioners The Sporn Company, Inc., Bixler's Inc., and Perry Sporn*

Petitioners-Defendants The Sporn Company, Inc. ("TSC"), Bixler's, Inc. ("Bixler's"), and Perry Sporn ("Sporn" and, collectively, "Defendants") respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 45, to compel non-party Michael Buczala's ("Mr. Buczala") compliance with a subpoena *duces tecum* served by Defendants on Mr. Buczala on July 23, 2026 (the "Subpoena").

## PRELIMINARY STATEMENT

More than three months ago, Defendants served Mr. Buczala, their former employee, with the narrowly tailored Subpoena that sought documents relevant to a False Claims Act ("FCA") *qui tam* suit filed by a good friend of Mr. Buczala and former employee of Defendants, Steven Adler ("Relator"). To date, although Defendants expect that Mr. Buczala has many more documents in his possession, custody, or control which will support Defendants' defenses, Mr. Buczala has only produced twelve documents.

Defendants have personally served Mr. Buczala with a subpoena *ad testificandum*, requiring Mr. Buczala to appear for a deposition on November 19, 2026. All fact depositions need to be completed by December 1, 2026. Unless the Court promptly grants Defendants' motion and Mr. Buczala complies with the proposed order in a timely manner, Defendants would be prejudiced by having to proceed with Mr. Buczala's deposition absent receipt of all responsive documents and information required by the Subpoena. Accordingly, Defendants hereby seek the Court's assistance in procuring Mr. Buczala's timely cooperation with the Subpoena.

## BACKGROUND

### A. The Underlying Action and Defendants' Efforts to Obtain Documents

The Subpoena arises from an action currently pending in the United States District Court for the District of Vermont under the caption *United States ex rel. Steven Adler v. The Sporn*

*Company, Inc., Bixler's, Inc., and Perry Sporn*, 2:24-cv-00617 (D. Vt.) (the "Underlying Action"), in which Relator alleges that Defendants withheld marking *duties* owed to the Government under 19 U.S.C. § 1304(i), which were allegedly triggered by Defendants' failure to add a country-of-origin ("COO") mark to their Canadian-made jewelry.[1] *See* Underlying Action, ECF No. 136.

**B. Mr. Buczala Is an Important Source of Relevant and Material Information**

Despite diligent efforts, Defendants have not been able to obtain many relevant documents from Relator that would bear on Defendants' defenses. Even though Relator's duty to preserve attached in September 2019, when Relator orchestrated an initial test purchase of Defendants' jewelry in anticipation of litigation, Relator failed to preserve his text messages from much of the relevant period. *See* Declaration of Robert M. Wasnofski, Jr., dated November 5, 2026 ("Wasnofski Decl."), ¶¶ 22-23. Relator now alleges that the phone he used throughout his four-year employment with Defendants abruptly failed in April 2020, resulting in the permanent loss of many of his text messages from that period. *See id.* ¶ 23. Furthermore, Relator has declined to produce all his iCloud data, preventing Defendants from readily obtaining this information from him. *See id.* ¶ 26. Defendants subpoenaed Apple for Relator's iCloud data but have not yet received responsive documents. *See id.*

Defendants also understand that Mr. Buczala played a key role in the investigation conducted by the government before this action was unsealed. *See id.* ¶ 24. Relator shared Mr. Buczala's contact information with government officials that investigated Relator's FCA claim before eventually declining intervention in December 2022. *See id.* In April 2021, Mr. Buczala emailed an Assistant United States Attorney and a U.S. Immigration and Customs Enforcement

[1] This action was initially filed in this District. *See* Underlying Action, ECF No. 1. On motion by Defendants, the court transferred the case to the District of Vermont. *See* Underlying Action, ECF No. 58.

agent that "none of the product that I saw, that we produced in Canada had a proper mark in it," and speculated (baselessly) that "this situation may have played a part in my termination." *Id.*

### C. The Subpoena

On July 22, 2026, Defendants served Relator with notice of the Subpoena. *See id.* ¶ 4, Ex. A. On July 23, 2026, Defendants served the Subpoena on Mr. Buczala at 701 Ellis Road, Willow Grove, Pennsylvania 19090. *Id.* ¶ 5, Exs. B, C. The Subpoena set the place of compliance as Dentons US, LLP, 1221 Avenue of the Americas, New York, New York 10020, by August 6, 2026 at 9:00 a.m. *See id.*, Ex. B. Exhibit A to the Subpoena contains eight requests directed to, among other things, Mr. Buczala's documents and communications concerning the Underlying Action and Relator's allegations, COO marking, the FCA, and related third parties (collectively, "Requests"). *See id.*, Ex. B, Requests 1–8.

### D. Mr. Buczala's Initial Response to the Subpoena

On August 4, 2026, Mr. Buczala emailed undersigned counsel for the first time, stating that he had "spent far too much time on this over the last couple of weeks and am not available to devote any more time or money on this for a while." *Id.* ¶ 17, Ex. D at 8. Mr. Buczala then represented that he had "completed a pretty thorough search" yet produced only five documents. *Id.* If Defendants desired more documents, Mr. Buczala suggested that the parties "work out a date and time that is realistic (like 2 or 3 months)." *Id.*, Ex. D at 9. He served no written objections. *See id.* ¶ 16.

Mr. Buczala also acknowledged potential spoliation. His August 4 email advised that "[a]t one time there was more" responsive emails but that he no longer had access to them, as well as "an external hard drive with incremental backup of my laptop . . . but if so, I cannot locate it at this

time and that laptop hard drive has been replaced due to failure. I am in the process of purging and downsizing and may come across it in the future." *Id.*, Ex. D at 8-9.

Mr. Buczala's production omitted responsive, non-privileged material known by Defendants to be in his possession, custody, or control. For example, Mr. Buczala produced a December 31, 2019 email—after the relationship between Defendants and Relator fractured—in which Relator sought Mr. Buczala's input on a draft email to Defendants, in which Relator accused Defendants of a "pattern of behavior to defraud me of [my] equity [which] has developed the foul odor of criminal intent that can no longer be ignored." *Id.* ¶ 13. But Mr. Buczala omitted his responses to that email, including a comment that Relator was "definitely sending a cannon ball over the bow." *Id.* ¶ 14. In a later email, which Mr. Buczala also did not produce, he advised Relator that he "should probably speak with a lawyer too. kind [sic] of a creative legal think tank. firm but not as aggressive. Initial consult shouldn't cost anything." *Id*.

Mr. Buczala also produced just one text message, despite the Subpoena's request for all text messages with Relator since June 2016. *See id.* ¶ 20. Defendants possess a text message produced by Relator that Mr. Buczala sent to Relator on July 24, 2026, at 7:58 p.m., comprising a photo of the Subpoena, which Mr. Buczala has not produced, so Defendants know that Mr. Buczala and Relator communicated by text. *See id.* ¶ 12. It is clear that Mr. Buczala has more in his possession, custody, or control.

**E. Defendants' Good-Faith Efforts to Obtain Compliance**

Following Mr. Buczala's August 4, 2026 email and production of five documents, Defendants made the following good-faith efforts to resolve this matter short of seeking court intervention:

On August 13, 2026, Defendants' counsel emailed Mr. Buczala and explained that he had not produced relevant communications; shared a keyword list with relevant terms for Mr. Buczala to search; offered technical assistance; offered a prepaid FedEx label and flash drive, in the event Mr. Buczala preferred to share responsive documents in that format instead of via a filesharing link; and requested that Mr. Buczala clarify what data was missing. *See id.*, Ex. D at 7-8. At the time, counsel requested that Mr. Buczala advise whether he would agree to Defendants' requests by August 17, 2026, and produce the outstanding documents by August 27, 2026. *See id.*

On August 26 and 31, 2026, Defendants' counsel sent follow-up emails to Mr. Buczala after he did not respond. *See id.*, Ex. D at 6. On September 11, 2026, after still not receiving a response, Defendants' counsel advised Mr. Buczala that Defendants intended to file a motion with the Court to enforce compliance with the Subpoena absent a response by September 16, 2026. *See id.*, Ex. D at 5. On September 14, 2026, Mr. Buczala responded that he had "free time this week" and would "give it a shot" if sent search instructions. *See id.* That same day, Defendants' counsel confirmed instructions would follow. *See id.*, Ex. D at 4-5. On September 23, 2026, Defendants' counsel then sent detailed step-by-step search instructions and requested production by September 28, 2026. *See id.*, Ex. D at 3-4.

On October 1, 2026, despite not receiving a response from Mr. Buczala, Defendants' counsel shared a Kiteworks file-sharing link to upload responsive documents. *See id.* ¶ 18 & Ex. E. The next day, Defendants' counsel followed up with Mr. Buczala requesting production by October 5, 2026, failing which Defendants said they would need to seek assistance from the Court. *See id.*, Ex. D at 3.

On October 12, 2026, Mr. Buczala sent an email attaching seven additional documents, bringing his total production to 12 documents, but he still failed to produce certain documents

known by Defendants to be in his possession, custody, or control—including the missing emails and text message mentioned above. *See id.*, Ex. D at 2. Defendants' counsel responded that same day, requesting that Mr. Buczala clarify by October 13 whether he intended to produce additional documents, their approximate volume, and if he would do so by October 14, 2026. *See id.*

As of the filing of this motion, more than three weeks later, Mr. Buczala has not responded. *See id.* ¶ 19.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 permits a party to command a non-party to produce documents. Fed. R. Civ. P. 45(a). "[A]n individual responding to a subpoena issued pursuant to Rule 45 has an obligation to conduct a reasonable search for documents." *Top Jet Enters., Ltd. v. Kulowiec*, 2022 WL 280459, at *5 (S.D.N.Y. Jan. 31, 2022). Where a non-party fails to comply with a subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production." Fed. R. Civ. P. 45(d)(2)(B)(i). Motions to compel are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (citation omitted). The court may also "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Subpoenas issued to non-parties under Rule 45 are subject to the relevance requirement of Federal Rule of Civil Procedure 26(b)(1). *Malibu Media, LLC v. Doe*, No. 15-CV-31457 (AJN), 2016 WL 5478433, at *2 (S.D.N.Y. Sep. 29, 2016) (citing *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011)). Rule 26(b)(1) permits a party to "obtain discovery on any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance is construed broadly to encompass any matter

that bears on, or that reasonably could lead to other matter that could bear, on any issue that is or may be the case." *DoorDash, Inc. v. City of New York*, 754 F. Supp. 3d 556, 564 (S.D.N.Y. 2024) (internal quotation marks and citation omitted).

"A party seeking to compel production pursuant to Fed. R. Civ. P. 45(d)(2)(B) 'must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *Leadenhall Capital Partners LLP, et al. v. Josh Wander*, No. 24-CV-3453 (JGK) (BCM), 2026 WL 3168904, at *3 (S.D.N.Y. Oct. 22, 2026) (quoting *Cuomo v. New York State Assembly Judiciary Comm.*, 683 F. Supp. 3d 258, 267 (E.D.N.Y. 2023)). "If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the [recipient of the subpoena] to demonstrate an undue burden." *Tr. v. Alchemy Props. Inc., et al.*, No. 25-CV-06242 (LJL), 2026 WL 2922134, at *1 (S.D.N.Y. Sept. 29, 2026) (internal citations omitted). "[T]here is no absolute rule that party sources must be exhausted before calling upon third parties." *Id.* (citation omitted).

## ARGUMENT

### I. THIS COURT SHOULD COMPEL MR. BUCZALA'S COMPLIANCE WITH THE SUBPOENA

The Court should grant Defendants' motion because the Subpoena seeks relevant information and because Mr. Buczala has not lodged any objections, including on grounds of burden or overbreadth.[2]

#### A. The Requests Seek Relevant Documents Material to the Underlying Action

Here, the Subpoena seeks documents concerning, *inter alia*, Defendants, Mr. Buczala's communications with Relator concerning COO marking, the test purchases orchestrated by

[2] As a threshold matter, this Motion is properly before this Court because this is the District where compliance is required. *See* Fed. R. Civ. P. 45(d)(2)(B)(i); Wasnofski Decl., Ex. B.

Relator, the individuals with whom Relator coordinated to effectuate those purchases, the obligation to pay duties to the Government for Canadian-made jewelry imported into the United States not marked with the country-of-origin at the time of importation, and Relator's loss of cell phone data. *See* Wasnofski Decl. ¶ 25 & Ex. B. Those documents cut to the heart of the claims and defenses in the Underlying Action, which turn on Relator's credibility, his motive for bringing the action, and his allegations that he warned Defendants about the obligation to mark imported Canadian-made jewelry with the COO and that Defendants knowingly withheld duties from the Government. *See* Underlying Action, ECF No. 136, ¶¶ 52-58, 65, 88-97.

Mr. Buczala possesses additional relevant documents that he has not produced. As explained above, Mr. Buczala has only produced one text message. *See* Wasnofski Decl. ¶ 20. He has not produced his July 24, 2026 text message to Relator, in which he shared a picture of the Subpoena. *See id.* ¶ 12. Mr. Buczala also failed to produce his further responses and emails to a December 31, 2019 email. *See id.* ¶¶ 13-14.

Given Defendants' understanding that Mr. Buczala and Relator were close friends, it is unthinkable that they exchanged only one text message and just a handful of emails. *See id.* ¶¶ 10-14. The fact that Relator sent Mr. Buczala a draft email to be sent to Defendants concerning a dispute between Relator and Defendants—and no one else—illustrates the close relationship between Relator and Mr. Buczala. *See id.* Moreover, Relator identified Mr. Buczala in his Rule 26(a) initial disclosures as possessing "[k]nowledge of Defendants' marking and labeling practices for jewelry; [k]nowledge of Defendants' policies and procedures." *Id.* ¶ 25. Mr. Buczala clearly possesses further documents relevant to the Underlying Action that he has not produced.

### B. The Requests Are Not Overly Broad or Unduly Burdensome

Defendants have a substantial need for the requested documents to support their defenses in this action and the production of same should not impose an undue burden on Mr. Buczala. *See Concepts NREC, LLC v. Qiu*, 2024 WL 2137762, at *9 (D. Vt. Mar. 22, 2024) (subpoenaed nonparty must do more than "a grudging, half-hearted, or foot dragging attempt at compliance"). Indeed, Mr. Buczala has not served any objections to date, much less within the period allotted under Federal Rule of Civil Procedure 45, and thus waived his right to do so. *Rouson ex rel. Est. of Rouson v. Eicoff*, No. 04-CV-2734 ARR KAM, 2006 WL 2927161, at *3 (E.D.N.Y. Oct. 11, 2006) ("Generally, the failure to timely object to a subpoena typically constitutes a waiver of any objections . . . .").

As explained above, the documents sought through the Subpoena are central to Defendants' litigation theories and defenses, including, without limitation, that Relator never informed Defendants that the failure to add a COO marking to Canadian-made jewelry imported into the United States could trigger duties owed to the government, that many of Relator's other material allegations were fabricated, and that Relator brought this action out of spite over a dispute between him and Mr. Sporn as to a failing side-business. *See Funke v. JetBlue Airways Corp.*, 349 F.R.D. 470, 473 (E.D.N.Y. 2025) ("[T]he greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate.") (quotations omitted). Critically, Mr. Buczala's communications with Relator cannot be obtained elsewhere. Relator failed to preserve all his text messages from the relevant period—despite his obligation to do so—and lost them when his phone malfunctioned. *See* Wasnofski Decl. ¶ 23. Mr. Buczala therefore represents the only avenue by which Defendants can obtain this important information.

Moreover, Mr. Buczala has also acknowledged that he may have lost potentially relevant documents. He claims that he "no longer ha[s] access to [his] Perrywinkle's Emails," that his laptop hard drive "has been replaced due to failure," and that a backup drive may turn up as he continues "purging and downsizing." Wasnofski Decl., Ex. D at 8. Yet, in August 2025, he forwarded Relator an email dated June 13, 2018 from his old Perrywinkle's email account that Mr. Buczala apparently believed would ***bolster*** Relator's claims. *Id.* ¶ 15. The extent of any spoliation is unclear.

The Court should thus order Mr. Buczala to (a) conduct a reasonable search of all sources of documents in his possession, custody, or control responsive to the Requests set out in the Subpoena, (b) produce all non-privileged responsive documents and communications within five (5) days of the Court's Order, (c) serve a sworn written statement on Defendants' counsel within five (5) days of the Court's Order describing the sources searched and the search performed, as well as the nature and extent of any data loss, and (d) preserve all potentially responsive documents and communications for the pendency of the Underlying Action. *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2018 WL 2932725, at *7 n.9 (S.D.N.Y. June 12, 2018) (adopting order requiring "a declaration, made under oath on personal knowledge, describing the efforts made to locate and produce responsive documents"); *Concepts NREC*, 2024 WL 2137762, at *11 (faulting nonparty that "ha[d] not detailed the steps it took to locate the requested documents"); *In re Terrorist Attacks*, 523 F. Supp. 3d 478, 495–96 (S.D.N.Y. 2021) (directing nonparty to conduct specified additional searches).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion.

Dated: November 5, 2026
New York, New York

Respectfully submitted,

By: *_/s/ Robert M. Wasnofski, Jr._*

Robert M. Wasnofski, Jr.
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Phone: (212) 768-6748
Fax: (212) 768-6800
robert.wasnofski@dentons.com

*Attorneys for Petitioners-Defendants The Sporn Company, Inc., Bixler's Inc., and Perry Sporn*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing [Proposed] Order to Show Cause, Memorandum of Law, and all accompanying documents was served by first-class mail and email on November 5, 2026, on non-party Michael Buczala and on all counsel of record in the Underlying Action listed below.

Michael Buczala
701 Ellis Road
Willow Grove, PA 19090
mbuczala@bellatlantic.net (non-party, unrepresented)

and

Andrew Macurdy (pro hac vice)
Michael Palmer, Esq. (pro hac vice)
SANFORD HEISLER SHARP MCKNIGHT, LLP
17 State Street, 37th Floor
New York, NY 10004
amacurdy@sanfordheisler.com
mpalmer@sanfordheisler.com

A.J. Ruben
BLACK BEAR LEGAL SERVICES PLC
P.O. Box 836
Pittsfield, VT 05762
aj@blackbearlawvt.com

Frank Xu (pro hac vice)
Ting Cheung (pro hac vice)
Shaun Rosenthal, Esq.
Mary Charlotte Carroll (pro hac vice)
SANFORD HEISLER SHARP MCKNIGHT, LLP
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Tel: (202) 499-5215
Fax: (202) 499-5200
fxu@sanfordheisler.com
tcheung@sanfordheisler.com
srosenthal@sanfordheisler.com
mcarroll@sanfordheisler.com

/s/ *Robert M. Wasnofski, Jr.*